# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

PROGRESSIVE INSURANCE CO.,    )
as subrogee for Joseph D. Prince    )
    )
    Plaintiff,    )
    )
v.    )   No. 1:12-cv-00048
    )   Chief Judge Haynes
COLVIN'S, INC.    )
    )
    Defendants.    )

## MEMORANDUM

Plaintiff, Progressive Insurance Company, an Ohio corporation, filed this action under 28 U.S.C. § 1332, the federal diversity stature, against the Defendant, Colvin's, Inc., a Massachusetts corporation. Plaintiff's claim is that Defendant failed to compensate Plaintiff in accordance with a warranty under Tennessee law. Plaintiff contends that Defendant breached its warranty agreement incident to a purchase agreement of a dump truck between Defendant and Plaintiff's insured, Joseph Prince, a Tennessee citizen.

Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction and venue (Docket Entry No. 17), contending, in sum, that Defendant did not purposefully avail itself of the right and privileges of doing business in Tennessee because: (1) Defendant's website only provides basic information without targeting Tennessee residents; (2) Defendant has had only four business transactions with Tennessee residents in the last twenty years; (3) Defendant derives seventy-five percent of its business from the New England region; (4) the parties' sales contract is insufficient to establish purposeful availment; and (5) Tennessee is an unreasonable forum for the Defendant to

1

litigate given Defendant's single location in Massachusetts with fifteen employees. Defendant also contends that venue is improper in Tennessee because the parties' contract was executed in Massachusetts, not Tennessee.

In response, Plaintiff asserts that Defendant purposefully availed itself of Tennessee law because Defendant created a warranty and rental agreement enforceable under Tennessee law. Plaintiff also contends jurisdiction is reasonable because Tennessee has an interest in protecting its residents who enter into contracts with foreign citizens. Because Defendant is subject to personal jurisdiction in Tennessee, Plaintiff asserts that venue in this district is proper.

For the reasons staed below, the Court concludes that Plaintiff failed to meet its prima facie burden to establish personal jurisdiction over the Defendant and that upon the proof presented, Defendant did not purposefully availed itself of doing business in Tennessee.

## A. Analysis of the Motion to Dismiss

According to the Plaintiff's complaint, Plaintiff is an Ohio Insurance Company licensed to conduct business in Tennessee. (Docket Entry No. 1, Complaint at ¶ 1). At all of the relevant times for this action, Plaintiff had an insurance policy issued to Joseph Prince, a citizen of Lawrenceburg, Tennessee. Id. at ¶ 2. Plaintiff's specific allegations are that on March 10, 2011, Plaintiff purchased a dump truck from Defendant. Id. at ¶ 9. Plaintiff traveled to Massachusetts to pick up the dump truck. The parties' purchase agreement provided several warranties, including a 180 day warranty for the chassis powertrain, engine, and transmission. Id. at ¶ 10.

On June 16, 2011, after its operation for approximately three months without incident, the dump truck caught afire. Id. at ¶ 12-14. Plaintiffs allege that the fire was caused by a failure in the dump truck's engine that is covered under the warranty negotiated between Prince and Defendant.

2

Id. at ¶ 15. Plaintiff also alleges that Defendant failed to honor the warranty by not compensating

Plaintiff for the loss caused by the fire. Id. at ¶ 16.

For its justification of jurisdiction, Plaintiff cites the "Truck Guarantee" given to Prince that

is signed and dated on March 10, 2010. This "Truck Guarantee" provides:

> Upon Delivery Colvin's insures your unit to pass Tennessee DOT and state vehicle inspection. Colvin's cannot cover items unique to various states.
>
> Colvin's Inc. warrants the chassis powertrain, consisting of the engine completes transmission, and rear axle for a period of 180 days from the date of purchase. Warranty is limited strictly to the items listed and does not include towing, glass, tires, or batteries. 30 days bumper to bumper.
>
> Colvin's, Inc. warrants the aerial device for a period of 60 days from the date of purchase. Warranty of the aerial device includes major components including booms, cylinders, valves and internal hoses. Nominal items such as external hoses and fittings are the responsibility of the buyer. Damage due to mis-use or negligence are not covered.
>
> Should warranty work be required, the buyer agrees to contact Colvin's, Inc. immediately with the nature of the problem, before any repair work is done. Colvin's will supply at their option, the repairing facility with replacement parts. New if necessary, used of like kind and quality if possible.
>
> Colvin's, Inc. assumes no responsibility for downtime, loss of revenue, or environmental occurrences.
> Rental unit if unit goes down.

(Docket Entry No. 27, Exhibit 1 thereto).

Defendant's proof on jurisdiction is that Defendant is a privately owned business in

Waltham, Massachusetts, its sole business office. (Docket Entry No. 19-1, Johnson Declaration at

¶ 3). Defendant employs 15 people and has been in business for thirty years. Id. at ¶¶ 2-3. Defendant

specializes in the sale and rental of utility construction aerial devices and digger derricks for

commercial construction projects. Id. at ¶ 2. Defendant occasionally does business outside of

Massachusetts, but seventy-five percent of Defendant's customers are in the New England region. Id. at ¶ 4. Defendant does not maintain a sales force in Tennessee nor direct any sales or marketing efforts to Tennessee citizens. Id. Defendant has sold a total of four trucks to Tennessee citizens since the early 1990s. Id. Defendant's website, www.colvins.com, describes Defendant's business and provides a listing of available trucks for sale or rental. Id. The content of the website has not changed since 2001. Id.

In February 2011, Joseph Prince called Parker Johnson, Defendant's sales manager, about a purchase of a truck for a tree service business in Tennessee. Id. at 6. Prince saw the truck on Defendant's website. Id. Prince and Johnson negotiated the sale by telephone and email. Id. Defendant acquired this truck from auctioneers in Worcester, Massachusetts. Id. at ¶ 8. Later, Prince traveled to Massachusetts where the truck was sold on March 10, 2011. Id. at ¶ 9. On March 10th, the Defendant issued several warranties to Prince: a limited 30 day bumper to bumper warranty, a 60 day limited warranty for the aerial device, and a 180 day limited warranty for the chassis, powertrain, engine and transmission. Id. at ¶ 12. Prince drove the truck to Tennessee. Id. at ¶ 14.

## B. Conclusions of Law

There are two types of personal jurisdiction: "specific jurisdiction" and "general jurisdiction." Specific jurisdiction over a defendant exists where the action "aris[es] out of or related to the defendant's contacts with the forum" Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 n. 8 (1984). General jurisdiction requires a defendant's contacts to be of "a 'continuous and systematic' nature."[1] Third Nat'l Bank v. WEDGE Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989);

---

[1] The Court concludes that Defendant lacks any continuous conduct in Tennessee to justify the Court's exercise of general jurisdiction. As such, the Court's analysis focuses on specific jurisdiction.

see also Conn v. Zakharov, 667 F.3d 705, 713 (6th Cir. 2012).

On Defendant's motion to dismiss for lack of personal jurisdiction, Plaintiff bears the burden of establishing personal jurisdiction. Carrier Corp. v. Outokumpu Oyi, 673 F.3d 430, 449 (6th Cir. 2012) (quoting Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991)). Plaintiff must offer some specific facts, "by affidavit or otherwise," to support the Court's exercise of jurisdiction over the Defendant. Carrier Corp, 673 F.3d at 449 (quoting Theunissen, 935 F.2d at 1458)). "A district court, in its discretion 'may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions.'" Carrier Corp., 673 F.3d at 449 (quoting Theunissen, 935 F.2d at 1458)).

When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion without conducting an evidentiary hearing, the Court must consider the pleadings and affidavits in a light most favorable to the plaintiff. Theunissen, 935 F.2d at 1458-59. Moreover, in such instances, the Court "does not weigh the controverting assertions of the party seeking dismissal." Compuserve, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996) (emphasis omitted). The Sixth Circuit explained that "we want 'to prevent non-resident defendants from regularly avoiding personal jurisdictions simply by filing an affidavit denying all jurisdictional facts.' Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff alleges collectively fail to state a prima facie case of jurisdiction." Id. (quoting Theunissen, 935 F.2d at 1459). Here, Defendant has submitted affidavits to support its jurisdictional challenge, yet Plaintiff has not submitted any affidavits to support its prima facie burden.

Specific jurisdiction exists where the action "aris[es] out of or related to the defendant's contacts with the forum." Helicopteros Nacionales de Columbia, 466 U.S. at 414 n. 8. In Southern

<u>Machine Co., Inv. v. Mohasco Indus., Inc.</u>, 401 F.2d 374 (6th Cir. 1968), the Sixth Circuit summarized the governing principles in a three-part test for determining whether specific jurisdiction exists:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence of the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

<u>Id.</u> at 381. The Sixth Circuit has held that "[i]f any of the three requirements is not met, personal jurisdiction may not be invoked." <u>Miller v. AXA Winterthur Ins. Co.</u>, 694 F.3d 675, 680 (6th Cir. 2012) (quoting <u>LAK, Inc. v. Deer Creek Enters.</u>, 885 F.2d 1293, 1303 (6th Cir. 1989)).

"The 'sine qua non' of personal jurisdiction is the purposeful availment factor under which the defendant must 'purposefully avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" <u>Dean v. Motel 6 Operating L.P.</u>, 134 F.3d 1269, 1273 (6th Cir. 1998) (quoting <u>Burger King Corp. v. Rudewicz</u>, 471 U.S. 462, 475 (1985) (with citation and emphasis added)). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'" <u>Burger King</u>, 471 U.S. at 475 (citations omitted).

As to the purposeful availment requirement, Plaintiff contends that "Defendant, by creating a warranty and a rental agreement" purposefully availed himself of acting in Tennessee." (Docket Entry No. 27 at 3). Plaintiff cites <u>Burger King</u>, where the Supreme Court stated: "with respect to interstate contractual obligations, we have emphasized that parties who 'reach out beyond one state

and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for the consequence of their activities." Burger King, 471 U.S. at 472. Plaintiff also cites Vanderbilt Mortgage & Finance, Inc. v. First Franklin Financial Group, No. 3:1-cv-7, 2011 WL 1430226 (E.D. Tenn. April 14, 2011) where that court exercised personal jurisdiction over a foreign defendant because "[a] defendant residing in California who initiates a contract and does business in Tennessee should reasonably anticipate being haled into a Tennessee court when the defendant breaches the contract." Id. at * 6.

Yet, the warranty at issue in this action was "of a short and fleeting character," unlike the contracts at issues in the decisions that Plaintiff cites. See Highway Auto Sales, Inc. v. Auto-Konig of Scottdale, Inc., 943 F. Supp. 825, 832 (N.D. Ohio 1996). In Highway Auto Sales, Inc., the district court found that a defendant automobile sales company did not purposefully avail itself of Ohio law where the defendant advertised in a national publication, initiated a phone call to the plaintiff, handled negotiations over telephone and fax, and then delivered the vehicle to the plaintiff in Ohio. Instead, the court found that action "involv[ed] contacts of a short and fleeting character-contacts which are insufficient to create a 'realistic and foreseeable impact' on the commerce" of the forum state. Id.

> A defendant establishes an ongoing relationship with a resident of a forum state when contractual obligations create "a realistic and foreseeable impact upon the commerce of the forum state." Stump, 793 F. Supp. at 159. See also Burger King Corp., 471 U.S. at 479, 105 S.Ct. at 2185; Mohasco Indus., 401 F.2d at 382-83; In- Flight Devices, 466 F.2d at 226. Cases involving "continuing obligations" revolve around contacts of a greater intensity and duration than the "one-shot deal" in the case at bar. See, e.g., Burger King Corp., supra, (entering into a 20 year franchise agreement), Mohasco Indus., supra (negotiating a license to manufacture, sell, and lease a product in the forum state), In-Flight Devices, supra (ordering a substantial quantity of goods to be produced in the forum state); Third Nat'l Bank v. WEDGE Group Inc., 882 F.2d 1087 (6th Cir.1989) (operating in the forum stating and having directors meet

regularly in the forum state); <u>Serras v. First Tennessee Bank Nat'l Ass'n</u>, 875 F.2d 1212 (6th Cir.1989) (traveling to the forum state to solicit business); <u>Reliance Elec. Co. v. Luecke</u>, 695 F. Supp. 917 (S.D. Ohio 1988) (acting as a guaranty to induce plaintiff to extend credit to a third party); <u>Wright Int'l Express v. Roger Dean Chevrolet</u>, 689 F. Supp. 788 (S.D. Ohio 1988) (negotiating over a 45-day period and contracting for the lease of a lear jet which required maintenance and record keeping in the forum state); <u>Garrett v. Ruth Originals Corp.</u>, 456 F. Supp. 376 (S.D. Ohio 1978) (conducting a nine-year relationship with plaintiff and offering plaintiff an employment contract which caused plaintiff to leave his former employer).

<u>Id.</u> at 831-32.

Here, Plaintiff's insured traveled to Massachusetts to inspect, negotiate, sign and pick up the dump truck and then drove the truck to Tennessee. In addition, Plaintiff's insured initiated the telephone call to the Defendant in Massachusetts that resulted in the sale. Plaintiff's insured sought out Defendant's website and then initiated the telephone call that resulted in the negotiation of the purchase agreement and limited warranties on the dump truck.

In the Sixth Circuit, "[t]he operation of an Internet website can[not] constitute the purposeful availment of the privilege of acting in a forum state . . ." unless "'the website is interactive to a degree that reveals specifically intended interaction with residents of the state.'" <u>Bird v. Parsons</u>, 289 F.3d 865, 874 (6th Cir. 2002) (quoting <u>Neogen Corp. v. Neo Gen. Screening, Inc.</u>, 282 F.3d 883, 890 (6th Cir. 2002)). "Yet, passive websites that simply provide information are insufficient to justify personal jurisdiction over a nonresident, but interactive website permitting a resident of the forum to exchange information with the defendant can demonstrate purposeful availment." <u>Energy Automation Sys., Inc. v. Saxton</u>, 618 F. Supp. 2d 807, 815 (M.D. Tenn. 2009). Here, the Defendant's affidavits establish that the Defendant's website was passive, not directed toward interactions with Tennessee residents.

Based upon Plaintiff's proof, the Court concludes that Defendant has not purposefully availed

itself of doing business in Tennessee. Thus, the Court lacks personal jurisdiction over the Defendant and this action should be dismissed without prejudice.

An appropriate Order is filed herewith.

**ENTERED** this the ___23rd___ day of January, 2013.


WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court